UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent Roland Kring, #23129; ) | C/A No. 8:05-2983-MBS-BHH |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| J. Al Cannon Jr., Sheriff of Charleston County; and ) | |
| Jorge Blanco, Director of Aramark Food Services; ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, Vincent Kring (hereafter, the "Plaintiff") has brought this *pro se* action against the Defendants under Title 42 United States Code §1983. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

**FACTUAL BACKGROUND**

Plaintiff is a pre-trial detainee in the Charleston County Detention Center (CCDC). He is the defendant in *United States v. Kring*, 2:05-00134-PMD (D.S.C. 2005). The narrative part of his Complaint alleges the following:

> On February 24th 2005, at approxamently [sic] 1600 hours the United States Marshal Service booked me into the Charleston County Detention Center for violating a federal law I did not see the doctor until March 2nd 2005. On that day the doctor or p.g. approved me for a diabetic, no dairy, no corn, no oranges, and no orange juice diet with night time snack bag. I started receiving my special tray on March 3rd 2005 . At that time they were sending me milk with all three meals and with my snack bag, as well as giving me grits for breakfast, cheese on my sandwiches and oranges with all meals and snack bag. I told the officers about my diet but was told to eat what was sent or go hungery [sic]. On March 8th the Marshal's [sic] picked me up and took me to meet the Federal Bureau of Prisons buss [sic] for my mental evaluation. I was returned to Charleston County Detention Center on July 12th 2005, at about 1400 hours. I was given a regular tray for dinner that night and was told to eat it or go hungery [sic] when I reminded the officer of

my diet. On July 13th 2005 at breakfast I started receiving my diet tray again. I also saw the doctor again that day and had him reinforce the order of my diet by sending Aramark Food Services another copy of the diet order. For the first four weeks I received grits every morning, fruit punch with all but dinner, tea or koolaid for dinner, and every four days I got corn breaded fish as my meat. I would tell the officers of the unit about the things on my tray that I was not suppose to have. They would call and get me another tray most of the time that was usually correct other then for corn breaded fish and fruit punch, tea or koolaid, other times they told me to eat what was sent or go hungery [sic] instead of calling for another tray. I would always have to eat the second tray even if there was something on it I am not suppose to have. Then around July 27th 2005 my snack bag got changed to a peanut butter and jelly sandwich, in place of meat and cheese, and fruit punch. Sometimes I got cookies or a orange [sic] instead of gram crackers. Around July 31st 2005 my trays were normally right other then for the fruit punch, tea or koolaid with each meal and my snack, as well as, the corn breaded fish sometimes. On August 13th 2004, I started to receive grits at breakfast again and this lasted until around August 25, 2005. After that date I usually would receive potatoes, meat, bread, apple sauce and fruit punch for breakfast. The next change was around August 27th 2005 when the started sending pancakes everyday instead of potatoes. I still receive fruit punch at breakfast, lunch, and in my snack bag. Sometimes I still get grits or cornbreaded fish. I sent in four request forms and two grievances without a response yet October 7th 2005 the problem with the grits and cornbreaded fish is they have corn in them, which is a violation of the no corn part of my diet. The fruit punch containes [sic] high frutose [sic] corn syurp [sic], cirtict [sic] acid, and sugar which violates all but the no dairy part of my diet. The koolaid, tea, peanut butter and jelly sandwiches have sugar in them which violates the diabetic part of my diet. I have been forced to drink only water, eat foods that make me sick, or go hungery [sic] and thirsty. Since February 24th 2005, other then when I was gone for my evaluation. Since I am the only one with this problem it falls under cruel and unusual punishment.

[1-1, p. 3.] Plaintiff seeks to recover One Hundred Dollars ($100.00) for each day that he received the incorrect diet. He also seeks an order from this Court directing that he be given meals according to his doctors' prescriptions.

### *PRO SE* **COMPLAINT**

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less

stringent standard than those drafted by attorneys. *Hughes v. Rowe*, *supra*. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## NO RECOVERY UNDER 42 U.S.C. § 1983

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

The United States Court of Appeals for the Fourth Circuit has considered the role of Sheriffs in the State of South Carolina and has specifically determined that, in their official capacities, they are immune from suit for monetary damages in actions brought under 42 U.S.C. § 1983 as agents of the government of South Carolina. *See Harter v. Vernon*, 101 F. 3d 334 (4th Cir. 1996); *Cromer v. Brown*, 88 F. 3d 1315 (4th Cir. 1996).

Defendant Aramark Food Service is a private business providing food to CCDC, evidently under contract. The conduct of private individuals or corporations must take place as "state action" or under "color of state law" to be actionable pursuant to 42 U.S.C. § 1983. A private individual or corporation must be a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment.  *See Lugar v. Edmondson Oil Co.*, *supra*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[1]

Whether private conduct rises to the level of state action necessarily depends on the relationship between the activity and the governmental entity.  The inquiry is: "whether there is a sufficiently close nexus between the State and the challenged action. . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).  In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment." 457 U.S. at 1004-1005.  Plaintiff may not maintain his action against Defendant Aramark Food Service for damages in this Court under 42 U.S.C. § 1983, since he fails to allege the close nexus required by the foregoing authorities.

Plaintiff's request for a directive to the Defendants concerning his special diet at CCDC essentially seeks a writ of mandamus to the Defendants – relief which cannot be granted in this action.  In *Gurley v. Superior Court of Mecklenburg* County, 411 F.2d 586

---

[1] – Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. §1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988)(collecting cases)

4

(4th Cir. 1969), a prisoner sought to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." 411 F.2d at 587.

The holding in *Gurley* was adopted by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988), holding that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983), and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). It was, therefore, subject to summary dismissal. *Craigo*, 624 F. Supp. at 414.

More importantly, *Gurley*, *supra*, also teaches that the writ of mandamus is infrequently used by federal courts, and usually in aid of their own jurisdiction. The statute is not a vehicle whereby jurisdiction may be acquired. As discussed above, the parties named as defendants in this action cannot properly be brought before this Court on the

theory advanced by the plaintiff. Therefore, a directive taking the form of the writ of mandamus is not available.[2]

## SECTION 1915 SCREENING

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id*. Under 28 U.S.C. §1915A, federal courts are specifically directed to screen and dismiss prisoner complaints which fail to state a claim upon which relief may be granted.

## CONCLUSION

The Defendants should not be required to answer this Complaint. It is therefore recommended that the within Complaint be dismissed without prejudice and

---

[2] – The plaintiff should consider the fact that both he and the United States Marshals Service (USMS) are before the Charleston Division of this Court in his pending criminal action. Statutorily, the responsibility for citizens detained by the United States rests with the Attorney General of the United States. See 18 U.S.C. § 4001 through § 4014. Pursuant to these provisions, the Attorney General establishes regulations for maintenance of such detainees and is authorized to contract with non-federal facilities to detain them. Under 28 Code of Federal Regulations (C.F.R.) § 0.111(k), the general functions of the USMS Director include: "Sustention of custody of Federal prisoners from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence, otherwise release from custody by the court, or returned to the custody of the U.S. Parole Commission or the Bureau of Prisons." Judicial economy and a more rapid resolution of Plaintiff's problem would both be achieved if this matter were submitted to the trial court.

without issuance or service of process.  Plaintiff's attention is directed to the Notice on the following page.

                                              Respectfully Submitted,

                                              S/Bruce H. Hendricks
                                              United States Magistrate Judge

October 25, 2005
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

8